Good morning, Your Honors. Doreen Boxer on behalf of Joshua Radwan. I'm going to ask that I reserve three minutes for rebuttal if necessary. Mr. Radwan is appealing the judgment of the District Court. In particular, the District Court's ruling partially granting the motion for summary judgment in this case was an error because in this case, Sgt. Faust's search of Mr. Radwan was a violation of his, Mr. Radwan's Fourth Amendment rights. The right to be free from unlawful searches and seizures. And his challenge in the context of his 42 U.S.C. Section 1983 lawsuit should not have been barred by the District Court pursuant to the case of Heck v. Humphrey because it does not apply to this case. This is so because unlike the action in Heck where the plaintiff was actually challenging Why don't you just talk to us? I would love to. Yeah. Yes. I would love to. Unless you're going to read me Robinson Crusoe or something like that. Okay. Yes. Heck does not apply to this case mainly because if Mr. Radwan was successful in his challenge here, it would not necessarily impugn the integrity of his conviction below. And I know that the Court has read all of the briefing, and I won't belabor the point, but essentially what occurred is Mr. Radwan was approached, searched, and Sgt. Faust found on him a teaspoon of marijuana. I mean, Heck talks, though, about whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. Right. So in this case, if they don't do the search or the stop, they don't find the marijuana. If they don't find the marijuana, they don't have grounds to search his vehicle. If they don't search his vehicle, they don't find the additional marijuana or the knives. So if you win on the Fourth Amendment claim, isn't it necessarily implied, whether your client pled or not, doesn't it necessarily imply the invalidity of the stop and or the conviction? No, Your Honor. The conviction would survive. As I pointed out in my reply brief under Herring v. Perseus, and that's in my reply brief, the conviction is based on Mr. Radwan. What type of damages did you ask for for the Fourth Amendment claim? I have to be honest. I'm not exactly sure of the specific damages. There was monetary damages. I mean, but didn't the damages include a request for the attorney's fees you had incurred in the underlying criminal case? Yes, Your Honor, but that would not undermine the actual conviction itself. Well, perhaps it wouldn't have upset the conviction, but wouldn't it imply that you'd be seeking damages for something, a criminal conviction that had never been reversed or vacated? And that's true. But even with that, the conviction would still exist. Nothing would be ñ it would not be undermined, and that's really the question. The word is undermined. It would be undermined. How is that? Well, because the probable cause for the basis of the conviction, it would be an ñ if you prevail, it was an unconstitutional search. Yes, but I've waived that in the criminal case. The criminal case is over. So you've waived that. Yes. So you've already given up your constitutional challenge. In the criminal case. In the criminal case. I have chosen to litigate that. violation or not, whether there was probable cause, whatever goes into it. So in that sense, you're saying, well, okay, we'll plead here, and then we'll go over to federal court, and we'll get damages for an unconstitutional search. That would, if we pressed it here in the state court, would invalidate or undermine the grounds for validating a guilty verdict or a guilty plea. Okay. There are two things there. First of all, is it logical ñ is it logical to ñ is it more logical to challenge the search in state criminal court than it is logical to challenge it here in the federal court? And I dispute that with the court. I respectfully dispute that with the court. I don't think it's more logical to challenge that on the ñ it's either equally logical or if I am a ñ It's usually more logical if we look at the comity side of that, which is, you know, you don't get to ñ you don't come over to federal court if you haven't essentially exhausted your claims in the state court, so that we sit in judgment of local police activities, and we then, as the federal courts, interfere constructively if not actually in how the Constitution is followed within the state courts. We don't give them a chance to take care of their own problems. We impose it from afar in the federal court. Right. And for that reason, it's logical for me as a litigant to want to come to the federal court and litigate that instead of going to the state court and trying to litigate it in the criminal court. No, no. It's not logical. That may be practical, but it's not logical. Well, it ñ Look, here's the way I look at it. Okay. See, had your client succeeded on his 1983 search and seizure claim in the federal court, that success would necessarily imply that the marijuana conviction was invalid. I disagree, Your Honor. Both are tied up. If he succeeded here, it would have been an unreasonable search and seizure. Had that issue been presented in the state court and had you succeeded, this case would never have moved forward. That may be true, but it wasn't. It doesn't work that way. I know you think that that was a brilliant thing for you to do, but if we ñ if you go to federal court and the federal court says, yes, there was an invalid search here, we're undermining the state court where your client entered a guilty plea. See?  I understand what you're saying. Can I just clarify where you're ñ what you're saying? If this were a habeas case, if this were a habeas case and he were still in prison and we agreed with you, what would be the consequence? Well, if this was a habeas case, which it's not ñ I understand it's not. That I agree. But same facts, same constitutional analysis, it just happens to be that he's in custody as opposed to not in custody. The effect of us saying it was an illegal search would, in fact, undermine the conviction. Right? Because then he'd get rid of habeas first. That's a different context. That's a different context because, A, he would still be in custody, and, B, he's challenging ñ in the habeas, he's directly challenging the vitality of the conviction. This, he ñ in this context ñ It doesn't say direct. It says undermine or imply. Undermine. Necessarily undermine. And it does. Not necessarily. And under the old case ñ All right. So we've interrupted you enough. So what's the rest of your conversation? Well, I don't want to belabor a point that the Court has decided. Well, we haven't decided. Are you kidding? We've wrestled with this. We haven't talked to each other. So we have no idea where we're going. I urge the Court to ñ and I know the Court has read all of the briefing, because a lot of these questions that you're asking are ñ Did you ever raise the point to the district court? Did you ever raise the plea issue to the district court? Well, let me just ñ I have two responses. After the first time on appeal. The argument that the challenge does not undermine the ñ yeah, the challenge does not undermine the conviction was raised. However, the specific case law about the plea issue was not raised. That's true. It was not raised. But having said that, the ñ and counsel, the appellees did raise that in their reply brief. And, in fact, the language that they use, that they point out in the case of State of Arizona v. Components, talking about the fact that, you know, appellant did not raise this issue, and what my response was in writing and my response right now is, first of all, the issue was raised. The issue that ñ In a general sense. Yes. The generalized issue that the state guilty plea does not necessarily stop the 1983. Correct. Yes, exactly. That was raised. You pointed the district court to the specific argument you made here. The case law ñ no. The actual case law that we cited in the briefing was not given to the district court. How do you get around either the Harvey case or the Zajar case, wherein there were guilty pleas and this Court subsequently said you can't bring aÖ This Court ñ yes, Your Honor. And I did discuss that in my reply brief. In those cases, the Court did not even consider the arguments that I'm making right here under the Ove and Lockett cases. It's almost by implication. I mean, if there was a blanket rule that a guilty plea stops ñ or stops the application of HECÖ I'm not arguing for a blanket rule. I'm not arguing. In this case, in this lawsuit, Mr. Radwan is not challenging the vitality of his conviction. Now, if we look at the HEC case, for exampleÖ Counsel, let's just be clear. The fact that you're not directly challenging, that's not what the HEC rule looks. We look to the essence of what the claim is. You can't plead around it. So if, in fact, the logical inference of us ruling that there was an illegal search, in effect, would directly implicateÖ Well, I don't thinkÖ Well, the HEC case itself. So you are generalizing in that sense. It would have broad implication. It would say anybody who pleads guilty or no law, therefore, avoids going into custody and avoids litigating the issue in State court, therefore, automatically avoids HEC. That would be the principle. And I disagree with what the Court just said. I can't win. That's not my argument. I can't win here. You know why we're here? Because who handled this matter in theÖ In the trial court? In the trial court. There were two attorneys. Well, actually, three attorneys. At the summary judgment level, there wasÖ I'm talking about in the State court. Oh, I believe it was Carol Lavaco. Who? An attorney by the name of Carol Lavaco. Was it the city attorney orÖ? Oh, no. I thought you were asking the defense attorney. It would have been theÖ Who was the prosecutor? Tony Rakakis. Tony Rakakis? Yeah. He's the district attorney for Orange County. I mean, your real claim was the excess force claim that you lost the jury, right? I don'tÖ Well, we did lose that. I don't agree that that's necessarily our real claim. I think this is a good claim. The reason why we're here is that I thought it was pretty common practice when a prosecutor makes a deal on a plea bargain that you're going to plead guilty and all the rest of it that there's sometimes or many times there's a stipulation of probable cause. So they drop the ball. You're not from aÖ Who are you with? Private firm. What? Private firm retained by the county. What did he say? Private firm retained by the county. By the county. Yeah. Okay. So the county dropped the ball on this. SoÖ If I could just respondÖ Yeah. Just to this generalized question. The question of whether or not there's a blanket waiver, non-application of HECC if you plead guilty. And that's not the argument here. In HECC, the claim was that the prosecution was flawed and that the prosecutors had prosecuted him wrongfully, that there was malicious prosecution. And if, heck, if we were claiming that here, that there was a malicious prosecution, then that would undermine the conviction. However, because in this case we're not charging that, what we're saying is that there was some evidence found or there was a bad search that we pled guilty on. We're talking about the real world. Okay? Okay. You've got 38 seconds, 39 seconds. 39 is 27, according to mine. And I also, I think I have two more minutes just in case I need to respond. Well, you're not going to need to respond. Well, Whitaker involved a drug search, right? Yes. And this Court held that the plea stopped it. Or you could not raise the fact that a plea had occurred. In other words, they found HECC applied. They found HECC applied. But this conviction had not been overturned. This issue was not addressed in that case. This particular issue was not addressed in that case. I don't know if it was briefed. It appears to have been waived to me. Okay. Thank you. Thank you. All right. The county waives oral argument. Yeah. Okay. All right. Go ahead. In case there are any questions. Good morning. May it please the Court. My name is Daniel Cha representing Defendant's Appellees. And just to perhaps reinforce the point about the waiver, and Judge Pergerson mentioned the dropping the ball. The fact is that we don't know if there was a ball dropped, because the record wasn't developed below, because Plaintiff's Counsel did not raise this issue before the district court and didn't give it an opportunity to consider these claims. And as the question did point out, this case falls squarely within Whitaker and Sager, cases dealing with possession of contraband. And, again, if there was no probable cause to seize this evidence, there wouldn't have been any charges. Therefore, as a matter of logical necessity, it would undermine plaintiff's conviction. And if there are no further questions, defense will submit. Are there any cases that you're familiar with that have dealt with the issue of a defendant, either who has pled guilty or has otherwise completed the term, where they've never gone into custody so that they wouldn't meet the custody requirement for habeas? They haven't shown lack of diligence. They just didn't, in this case, stick with this case. They, by virtue of pleading guilty, never went into a posture where they could invoke a habeas remedy, at least from federal courts. Are you aware of any? We're not aware of any cases that go either way. And it would be our position that Plaintiff's Counsel, at the trial court level and the state court, would have had an opportunity to challenge the conviction on post-conviction relief under California state law. He didn't do so. So in this case he wouldn't be exhausted for habeas purposes. Correct. Is that what you're saying? Correct. But it hasn't analyzed it in terms of having. No, Your Honor. But we believe that this court's decision in Cunningham v. Gates and Guerrero v. Gates, especially, requires the defendant to take some means. So I understand that. I was trying to get the diligence out. In other words, he didn't do anything wrong by pleading guilty. Of course, the state prefers that, presumably. Correct. It saves a lot of things. But is the price of pleading guilty the opportunity, then, to challenge any constitutional error, in effect, collaterally in the federal system eliminated? Presumably they still would have, in this case, if it doesn't negate, if the collateral attack doesn't negate the validity of the conviction, but because, in this case, the allegation that it was excessively forced post-arrest wasn't challenging the arrest. It was challenging the manner of implementing the arrest. That would be one thing. But in this case, the way it's postured, we're looking at a case where she's trying to argue or he is trying to argue that he pled guilty, he's accepted guilty, but there's still, nonetheless, a Fourth Amendment violation because of a patently illegal search. Let's suppose that were true. Let's suppose it's clear on the record there was absolutely no probable cause to go into the vehicle. By pleading guilty, is he giving up any challenge direct in state or in federal court to the unconstitutionality of that search? Well, Your Honor, I believe in state court there are provisions for post-conviction relief following a guilty plea on the grounds that there was an unlawful search and seizure. So I don't believe that that would be the case. Okay. And, again, when we go back to the actual language of Heck, it talks about importing the favorable termination requirements because as a general tort law principle, Section 1983 does not provide for collateral attack. And that's for direct appeal, which would not be collateral attack, but in terms of attacking the validity of an outstanding criminal conviction, you have direct appeal, executive order expunging the conviction, state tribunals authorized to do such things, or federal habeas, none of which are grounded in tort, which is what Section 1983 is. Well, here he pled guilty to possession of, as I recall, a quantity of marijuana that included what he had on him plus what was found in the automobile. Is that right? Well, I'm not sure about that, Your Honor. I believe there was only the marijuana on his person. What does the complaint say? Didn't he plead to possession of marijuana under a certain quantity? Correct. Less than 28 grams, so less than an ounce. Well, you don't know? It was approximately a teaspoon or tablespoon-sized amount of marijuana on his person. How about in his car? How much there? I don't believe there was any marijuana in the car. I believe that's an error in the district court's opinion of the facts. But, again, the only marijuana that was found was on his person. That was the search that was at issue. And, again, that was the basis for the charges. No, the complaint, the complaint, he pled to a quantity of marijuana, which I, as I recall, include what he had in his person and what was found in the car, along with three knives. There were three knives found in the car. And they found the marijuana there, too. Well, they found marijuana on his person, and notwithstanding the allegations of the complaint, the only evidence. There was no evidence of marijuana in the car. Well, there was no evidence in the record of marijuana in the car. It was, it may have been alleged to have been in the car, but it was on his person, and that was the search that it was at issue on summary judgment and for purposes of this, for this appeal, and that was the basis for the charges and conviction below. You're talking about in the state court? In the state court, yes. And, again, in Whittaker, this Court said that the challenge to the evidence that was seized was the basis upon which the criminal charges and convictions were based. So whether or not the argument had been raised in that case, the issue was addressed and in our favor. Are there no further questions? Well, I don't know. I thought it was the total amount he pled to was the total amount that was seized by the officers. Under the criminal statute, it was not more than an ounce of marijuana, which, well, anyway. Okay. I'll share an earlier argument in a different panel. The Eppley got up and said, my mother told me not to preach to the converted, so unless there's some question, I'll just sit on down. And you might take your mother's recommendation. I would very much. Don't count on it. Well, if there are no further questions. I haven't made my mind up yet. You can put down on your resume that you argued before the Ninth Circuit. It'll look good. Well, thank you for the opportunity. Thank you.
judges: Gwin, Pregerson, Fisher